27805·B

FILED
GREGG COUNTY, TEXAS

JUN 27 2016

FILED IN CLERK
BARBARA DUNCAN, DISTRICT CLERK
BY _____ DEPUTY

6th COURT OF APPEALS
TEXARKANA, TEXAS
6/28/2016 8:52:18 AM
DEBBIE AUTREY
Clerk

In the Court of Appeals
6th District of Texas
at Texarkana


No.


Eric Carson Wynn
Appellant

v.

The State of Texas


On Appeal from the 124th Judicial
District Court Gregg County Texas
Trial Court No. 27805-B

## Back Ground

Appellant "Wynn" upon learning of the errors in the FBi developed Population database that is used to calculate a match statistic in dna analysis, filed a subsequent Motion for Recalculation of his June 28 2000 report LID-101967 from the Texas Department of Public Safety Crime lab Garland.

The evidence used to support the Motion for Recalculation was two letters by Assistant Deputy Director of the Texas Department of Public Safety dated June 30 2015 and September 10 2015. The June 30 2015 letter by Mills says;

> The Texas Department of Public
> Safety Crime Laboratory System
> was informed by the Federal
> Bureau of Investigation in May
> 2015 of errors in the FBi
> developed Population database.

Trial Court denied Motion for re-calculation.

Issue one        Trial Court abused its discretion in refusing To permit re-calculation of June 28 2000 dna report when being shown evidence from the lab, that report was false.

1

## Analysis

The denial of a request for Post Conviction Dna testing is reviewed under a bifuracted standard. (Rivera v. state 89 S.W. 3d 55, 59 Tex. Crim. App. 2002) This de novo review usually includes the ultimate issue in Post-Conviction Dna testing cases, whether a reasonable Probability exists that exculpatory Dna tests prove innocence.

Chapter 64 of the Texas Code of Criminal Procedure Prescribes how a Convicted Person may obtain an order for Post Conviction Dna testing. Such testing is Permitted when the evidence still exists in a Condition Conducive to Dna testing, the evidence has been subjected to a reliable chain of custody and identity was or is an issue in the Case.

Wynn asks the court to take Judical notice on Page 8 of appeal in No. 06-10-00226-CR the Court did determine "There is no dispute these requirements are satisfied."

Additional Dna testing Can be Conducted only if the biological material in Possession of the state can be subjected to testing with newer testing techniques that

2

Provide a reasonable likelihood of results that are more acc-urate and probative than the results of the 2000 test. (Art. 64.01(b)(2). In addition to that requirement the Convicted Person must establish by a Preponderance of the evidence that a reasonable likelihood exists that he "would not have been convicted if exculpatory results had been obtained through Dna testing." (Art. 64.e3(a)(1)(A)(i), (2)(A)

Wynn asks the Court to take Judical notice in finding of fact 7;

   Wynn has not Provided any credible evidence to support his contention that the Prior report of Garland Dps laboratory should be subjected to further review.

Wynn Provided evidence to the trial court showing credible evidence that the Prior report of Garland Dps should be subjected to further review. [see Brady Mills June 30 2015 letter] In this letter in June 2015 it was admitted that the FBi who developed the database upon which the statistic was calculated was false based upon known errors in the database. The FBi database was the first issue.

When the Corrected data was recieved by the T.D.P.S. and was being implemented another unrelated issue was dis-covered in Dna mixture Analysis Cases. a dna mixture Consists of more than one Profile existing on a Piece of

3

evidence such as a vaginal swab from a sexual assault evidence collect kit where a male and female profile are present.

To describe the material value of the calculated statistic, Mills in his September 16 2015 letter wrote;

> "The reported statistic provides a probability that an unrelated individual in a population is a contributor... [a] probability is calculated to assist the trier of fact in understanding the strength or weight of the inclusionary statement."

The trial court erred in not permitting a recalculation of June 28 report because of ignoring the 1st issue of errors in the FBI developed database upon which his statistic was calculated. Since the Garland Lab determined that CPI was not used in his analysis even though a dna mixture case being a sexual assault the decision was made to not seek recalculation. Just because CPI was not used in June 28 2016 report does not negate the evidence from T.C.P.S that the report contained errors in its analysis which taints the entire report as false. The errors is in statistic impact the inclusionary statement. In other words a wrong statistic does not imply an inclusion when in fact the analysis is an exclusion.

Wynn would show that Jack Roady the Galveston County District attorney asked the CFS to retest a dna sample for a pending murder case using the new standard. The original test had said there was a one in a 1.4 billion chance that someone other than the defendant had contributed to the dna mix. The new result showed the figure was 1 in 38.

In Brady Mills September 10 2015 letter he admits;

" It is expected that with these new interpretation Guidelines a Given sample will have lower '1 in' numbers that translate to more conservative statistic."

This applies To the Corrected data that was implemented to correct the data in the calculated statistic as well as those dna mixture cases. Mills letters meets the requirement in art. 64.01(b)(2).

a recalculation would not " muddy the waters" but Prove to be exculpatory. (Art. 64.03 (a)(1)(A)(i), (2)(A) Wynn would not have Plead Guilty had he known the results were false. The only evidence that exists in this case is the dna of the child the alleged victim claimed was the outcome of the assault, belonging to him. That evidence which shows him to not be the father is not about attacking the credability of alleced victim but is exculpatory. The alleged victim testified that the child could belong to no one other than the individual who

6

actually did assault her. Wynn asks the Court to take Judical notice of the Police report where the alleged victim described her attacker as stocky, wearing a white hat and having a Goate. Wynn is not stocky, was not found wearing nor in Possession of a white hat, nor had any Facial hair. The alleged victim described someone who did not fit the actual description. Having been Known to the victim by a introduction that night does not imply her identification was correct. Wynn would show and asks the Court to take Judical notice the analysis on the June 28 2000 report does not show any dna from the alleged victim being on the clothing or Person of Wynn. Wynn also asks the Court to take Judical notice that in the Police notes alleged victim claims to have forced suspect off of her and ran crying back into the establishment. State witness Chris Rossen while showing Wynn and alleged victim talking does not describe any such event as alleged victim but said nothing looked wrong.

Conclusion

Trial Court abused its discretion in denying motion for recalculation when being Presented with evidence that the June 28 2000 was in fact False.

## Prayer

Wynn Prays this court Grant relief in this appeal and order recalculation of the statistics on the June 28 2022 report and any relief this court determines is applicable through a remand To trial court.

Respectfully submitted

Eric Wynn 938929
Telford Unit
3899 St. Hwy 98
New Boston Tx 75570

appellant Eric Carson Wynn declares under the Penalty of Perjury that the aforegoing information is true and correct to the best of my Knowledge.

Eric Wynn

7

Eric Carson Wynn # 938929
Telford Unit
3899 St. Hwy 98
New Boston Tx 75570

FILED
GREGG COUNTY, TEXAS

JUN - 6 2016
BARBARA DUNCAN, DISTRICT CLERK
BY

Gregg County District Clerk
P.o. Box 711
Longview Texas 75601

May 29 2016

Re: The State of Texas vs Eric Carson Wynn
no. 27805-17

Dear Clerk-

Enclosed You will find a Motion For New Trial and Notice of Intent To Appeal. Please CREATE THE FULL RECORD To Be Filed With The Sixth Court of Appeals.

Second, this office has for some reason continued To create a record Pertaining To a Habeas Corpus even Though The Habeas Corpus was dismissed. NOT EVERYTHING THAT I File, such AS A chapTER 64 is suppose To be classified AS The record for an 11.07. WHY IS THIS OFFICE doing THIS?

If an order has been recieved by this office To Continue CREATING a Record For The 11.07, Please Send a Copy of this order For inspection.

Thank you.

ERIC Wynn # 938929
TELFORD UNIT
3899 st. Hwy 98
New Boston Tx 75570

THE STATE OF TEXAS

vs.

ERIC CARSON WYNN

In The 124th

Judicial Dist.

Gregg County Tx

## Motion For New Trial

Defendant ERIC CARSON WYnn does hereby Present this Motion for New TRIAL.

### Jurisdiction

The Court has Jurisdiction over the subject matter Contained in this Motion For New TRIAL based uPon trial Courts denial oF dna testing REANALYSIS ON May 25 2016

Defendant shows the Court the Following:

1. TRIAL Court Abused its discretion in denying Re-analysis oF June 28 2000 RePort violating 5th and 14th Amendment Rights.

The Texas Code oF Criminal Procedure 64.01(2)(b)(2) states that retesting oF dna should be done iF the Newer analysis Provides a Reasonable liklihood of Results that are More accurate and Probative than the results oF the Previous test.

Defendant has Presented evidence to the Court from The Texas Department of Public Safety Assistant Director Brady Mills who in his June 30 2015 letter stated their were errors in the FBi developed Population database.

Defendant has Presented further evidence that two errors were discovered. The first error was the FBi Population database which calculated a false statistic and the second was Combined Probability of Inclusion, which deals with dna mixtures.

This Court has abused its discretion by ignoring the evidence that there are Problems with his Calculated statistic.

2. Trial Court Abused its discretion in denying Re-analysis Violating due Process Rights by applying the "law of the Case" standard.

Defendant has shown evidence to the trial Court That the "law of the Case" has in Fact Changed since the 2010 Finding of Fact and Conclusion of law.

In Number 7 of Original Finding of Fact in 2010 dna motion the trial Court said "Wynn has Not Provided any credible evidence to support his Contention that the Prior Report of Garland DPS laboratory report should be subjected to further Review."

3

Trial Court has had clear and unambigious evidence Presented To it that the statistical Probabilities on his Vane 28 2000 are in fact false and should be recalculated

## Conclusion

This Court has abused its discretion in denying re-analysis on dna RePort in view of evidence showing the June 23 2000 report false.

## Prayer

Defendant seeks this court to reverse its order from May 25, 2000 and order a Reanalysis.

Respectfully submitted

May 29 2016

Eric Wynn  438929

Telford Unit

3899 St. Hwy 98

New Boston Tx  75570

no 27805-B

The State of Texas                    In The 124th
vs.                                   Judicial Dist
ERIC CARSON WYNN                      Gregg County

NOTICE OF INTENT To File
APPEAL

Defendant in the above mentioned and styled cause does submit his Notice of Intent To File an appeal.

Defendant seeks To appeal The trial Courts decision to deny re-analysis of his June 28 2000 dna report.

Respectfully submitted

may 29 2016

Eric Wynn 938929
Telford unit
3899 St. Hwy 98
New Boston Tx 75570

Eric Wynn 0384279
Telford Unit
3899 st. Hwy 98
New Boston Texas 75570

SHREVEPORT LA 71

04 JUN 2018 PM 4 L

Gregg County District Clerk
P.o. Box 711
LongView Texas 75606

7EEDE30711

CAUSE NO. 27805-B

FILED
GREGG COUNTY, TEXAS

JUN - 9 2016

BARBARA DUNCAN, DISTRICT CLERK
BY_____ DEPUTY

| STATE OF TEXAS | § | 124th DISTRICT COURT |
| | § | |
| | § | IN AND FOR |
| vs. | § | |
| | § | |
| ERIC CARLSON WYNN | § | GREGG COUNTY, TEXAS |

## ORDER DENYING MOTION FOR NEW TRIAL

ON THIS DAY, came on to be considered the Motion for New Trial filed by Defendant, Eric Carlson Wynn, Pro Se, on June 6, 2016. The Court having reviewed said Motion and the file of this Court, finds that said Motion for New Trial should be DENIED.

IT IS, THEREFORE, ORDERED that the Motion for New Trial filed by Defendant, Eric Carlson Wynn, Pro Se, on June 6, 2016 is hereby DENIED.

SIGNED: June 8, 2016.


_____
JUDGE PRESIDING